MAHNKE *v.* DAMON & CO. *et al.*

In an action on an attachment bond, it is not sufficient to allege generally in the petition, a wrongful suing out of the attachment, or that there was no cause for suing out such writ.

In such an action, the petition must aver that the defendant had no sufficient cause for *believing* the allegations of the affidavit or petition, on which the attachment issued.

*Appeal from the Scott District Court.*

THIS is an action on an attachment bond.    The affidavit on which the attachment. issued, alleged, that on the *belief* of the affiant, the defendants in the attachment suit, were about to dispose of their property, without leaving sufficient remaining for the payment of their debts; that defendants had property, goods and money not exempt from execution, which they refuse to give, either in payment or security of · said debt; and that said defendants were, by selling fraudulently to third parties, about to dispose of their property, with intent to defraud their creditors.    The petition, after setting out the attachment bond, averred that there was no cause for the issuing of said attachment; nor was there any sufficient cause for making the charge upon which the same was issued.    Damon & Co. demurred to the petition, for the reason that the plaintiff did not aver that there was not sufficient cause for *believing* that plaintiff was about to dispose

of his property, &c. This demurrer. was sustained, and the plaintiff refusing to amend, the suit was dismissed. From this judgment he appeals.

*W. E. Leffingwell*, for the appellant.

*Cook & Dillon*, for the appellee.

WOODWARD, J.—Upon the question here presented, there has been a difference of opinion in the courts. The subject is considered in Drake on Attachment, in sections 164 to 169, inclusive, and that writer takes the ground that the question of probable cause is not involved. Were the question unsettled, there might be a difference among the members of this court, but it was settled by this court, in the case of *Winchester* v. *Cox and Shelley*, from Polk county, at the June term of this court, in 1853, in which the court decided, that the plaintiff must aver that there was not sufficient cause for *believing*, &c.

We are agreed in giving no weight to the fact, that section 1848, of the Code, uses the word *believes ;* nor the fact that section 1852, omits it.

The judgment of the District Court is affirmed.