## DAVIS *v.* MILBURN.

It is not true in all cases, that in order to plead a former judgment in bar of a subsequent suit, both the parties, and all the parties, must be identically the same.

Where in an action to recover for the rent and occupation of a mill, under a lease, the defendant, alleging, with other defences, that the plaintiff had brought a former suit against him, on a different cause of action, while the said lease was existing, and in that suit, had sued out a writ of attachment, and attached his cattle, carts, wagons, logs, lumber, and other property and material, by which and for which he carried on the business of the mill, by means of which he was interrupted in the use of the mill, and could not run the same, and so the use and occupation thereof was lost to him for a long space of time—wherefore, and by reason of which, he is not liable for the rent of the mill; and where the plaintiff replied, that the defendant had, (prior to the present suit,) brought an action against the plaintiff, for the wrongful suing out the said attachment, in which action the said defendant pleaded the same matters which are now pleaded in this action, to wit: the attachment of the said property, by and with which, the said mill was carried on, as a ground for the recovery of damages, and that the said matters were permitted to go to the jury, and were heard and tried, in which action the said defendant recovered damages; and where the plaintiff offered in evidence, the record of the proceedings in the action for wrongfully suing out the attachment, to which the defendant objected: 1. Because the former suit was not between the same parties; 2. Because, on the trial of the former action, the court instructed the jury, that the then plaintiff could recover only for damages sustained prior to the commencement of the action, which objection was sustained, and the evidence excluded; *Held*, That the court erred in excluding the evidence.

*Appeal from the Wappello District Court.*

THIS action was brought to recover for the rent and occupation of a mill under a lease. The defendant pleaded, with other things, that the plaintiff had brought suit against him, (relating to other matters,) while the above lease was existing, and in that suit had sued out an attachment, and had attached his cattle, carts, wagons, logs, lumber and other property and material, by which and for which he carried on the business of the mill, by means of which he was interrupted and prevented in the use of the mill, and could

not run the same, and so the use and occupation thereof was lost to him for a long space of time—wherefore, and by reason of which, he is not liable for the rent of the mill. The plaintiff replied, that the defendant had, (prior to this present suit,) brought an action against this plaintiff, to re-cover damages as for a wrongful suing out of the said at-tachment, in which action the said Milburn pleaded the same matters which are now pleaded, to wit: the attach-ment of the said property, by and for which the mill was carried on, as a ground for the recovery of damages, and that the said matters were permitted to go to the jury for consideration, and were heard and tried; and it appears that in that action, Milburn recovered damages to the amount of three thousand five hundred dollars, the full amount claimed in his petition, and that, in fact, the jury found a verdict for four thousand five hundred dollars, but this being above the plaintiff's claim, he entered a remittance of one thousand. Upon Davis offering the record of the foregoing cause in evidence, on the trial of the present one, the defendant ob-jected, and the objection was sustained. Exceptions were taken to certain instructions given by the court, which will be found stated in the opinion of the court. Judgment was rendered for the defendant, from which the plaintiff appeals, assigning for error, the rejection of the evidence offered, and the giving of the instructions.

*H. B. Hendershott* and *H. C. Caldwell*, for the appellant.

The plaintiff, to establish the issue raised by his replica-tion, offered to introduce in evidence the record of the judg-ment in the suit brought by *Defendant v. Plaintiff and his sureties*, on the attachment bond. To the introduction of this record the defendant objected: 1. Because it was not in a suit between the same parties; 2. Because the judge on the trial of the suit for damages, had instructed the jury that he could only recover the damages sustained by him up to the date of the commencement of the suit, and that the record did not therefore show that his whole claim for damages had

been adjudicated. The court sustained the objection, and refused to permit the record to be introduced in evidence. The court erred in this ruling:

1. Because the plaintiff's (in this case defendant,) claim for damages was an entire and indivisible claim; and a judgment for any amount, is a bar to any further suit or offset. *Miller* v. *Covert,* 1 Wendell, 487; 1 Greenleaf Ev. 641, note 5, also 644, note 2.

2. Because the record shows he claimed his whole damages and got all he claimed. The objection that the judge instructed that he could only recover the damages sustained up to date of suit, is not tenable, because, 1. The instruction is not law, and if they were prejudiced by it, they must correct the error in that suit by appeal, or writ of error. 2. The record shows defendant was not prejudiced by the instruction, because he got all he claimed. 3. The record shows further, that the court instructed the jury to give plaintiff "all the damages he had sustained," and that, to say the least of it, the instructions of the court are conflicting. The record presented a *prima facie* case, and the court ought to have permitted it to go to the jury, and erred in refusing so to do. 1 Greenleaf Ev. § 532. The record shows that the plaintiff (Milburn) in that suit, claimed damages for loss of profits and delay occasioned by the attachment, and for all the damages and injury sustained by him, and recovered all he claimed by his suit, and all he could legally recover in that suit. The presumption of law is, that he recovered all the damages he sustained and was placed in *statu quo*, or as nearly so, as dollars and cents could place him. The defendant is bound by the record of this judgment. *Marsh* v. *Pier,* 4 Rawle, 243; 1 Greenleaf Ev. §§ 531, 535. It makes no manner of difference, that the record shows that the judgment was against Davis and his sureties. The true question is, who "are the real parties?" 1 Greenleaf Ev. § 535. In other words, can Milburn now sue Davis alone for damages, and prevent Davis from setting up and offering in evidence this record, because in that record the sureties of Davis were also sued? If two commit a trespass

Davis v. Milburn.

and are jointly sued, and there is a joint judgment, can one of the defendants afterwards be sued, and deprived of the right to show a former recovery, because the parties are not the same?

2. The court erred in giving the following instruction to the jury, to wit: " That if Milburn did struggle ineffectually to run the mill during the time sued for, but failed to do so with profit or success, during the said time, on account of the wrongful suing out of the attachment, then the verdict should be for the defendant." In giving this instruction, the court did certainly err. No eviction is set up in the answer, or pretended. He occupies our mill, is not evicted, retains possession, uses the machinery of the mill and the mill property, the only thing leased to him, makes no offer of a surrender, gives no notice that the attachment has practically operated as an eviction; but after enjoying the full and undisturbed possession of the leased premises and using them, comes in and asks to be released from paying any rent at all because he could not run the mill " with profit or success." See 4 Cowen, 581.

C. C. Nourse and A. Hall, for the appellee, cited no authorities.

WOODWARD, J.—The plaintiff sues for rent. The defendant pleads that he was interrupted in the use and enjoyment of the lease, by the operation of the plaintiff's writ of attachment. The plaintiff replies that the defendant has sued and recovered damages for that interruption. This reply is in the nature of a bar, and not of a set-off. The only question is, whether Milburn can recover damages for the interruption, and also plead the interruption as an excuse for not paying the rent. We think he cannot. That the subject matter pleaded is the same, is very probable. The amount which he recovered is strong evidence that he recovered for this, for upon an examination of the declaration and pleadings in the former suit, it would seem impos-

sible to sustain the verdict upon any other assumption. But whether this is so apparent or not, is immaterial. It is sufficient that Milburn included it in his claim for damages, and that it was heard and tried. To the introduction of the record of that former suit, in which Milburn so recovered against Davis, Milburn objects: 1. Because the former suit was not between the same parties with the present one. 2. Because, on the trial of the former cause, the court instructed the jury, that the then plaintiff could recover only for damages sustained by him, prior to the date of the commencement of the action; and that, therefore, the record did not show that his whole claim for damages had been adjudicated.

As to the first of these two grounds of objection. The former action was brought on the attachment bond, against Davis, the principal, with Shepherd and Mayne, his sureties in the bond. It is not true in all cases, that in order to plead a former judgment, both the parties, and all the parties, must be identically the same. Such a case as the present one forms one of the exceptions. Davis was the sole meritorious party in the former action, the others being only sureties on the bond. There was no question of right, title or interest, in which they were conjoint with Davis, to be settled. The only matter of that nature was between Milburn and Davis, and if the original common law order of suing in such a case, still prevailed, this would appear. Then Milburn would have to sue Davis alone, in the first instance, to determine whether the attachment had been sued wrongfully, and to settle the damages; and then, if they were not paid, he would sue the sureties, with the principal on the bond. By the modern practice, we sue on the bond in the first instance. But this mode of proceeding cannot affect the substantial rights of parties in the other bearings of the case. See authorities cited by appellant's counsel. The second objection to the admission of the record of the former suit, was that Milburn, in that suit, could not recover for damages accruing subsesequently to the commencement of it. This is true. But

yet, if he brings his action too soon, it is his own misfortune or fault. His cause of action was one and indivisible, and he could not sue again; and for the same reason, he cannot make the use he now seeks, of the subject matter of it. It appears perfectly manifest that Milburn cannot both recover for the interruption of the use by Davis, and also refuse to pay rent for the use. This would be equivalent to recovering twice for the same thing. And on the first point, the case put by plaintiff's counsel, is pertinent. If two commit a trespass, and are sued jointly, and there is a joint judgment, can one be afterward sued, and deprived of the right to show the former recovery, because the parties are not the same? The record should have been admitted in evidence.

The next error is assigned upon the following instruction, given by the court, at the request of the defendant: "If Milburn struggled ineffectually to run the mill, during the time sued for, but failed to do so with profit or success, on account of the wrongful suing out of the attachment, then the verdict should be for the defendant." This instruction was given upon the basis that the record of the former suit could not be made evidence as a bar, and that Milburn might yet recover further for the same cause of action, though for damages accruing subsequently to the former suit; and as this was an error, so was the giving the instruction, however correct it might have been in the former suit. Upon the same ground, that is, the ruling of the court that the former cause of action could be inquired into in this suit, the plaintiff requested the court to instruct that the suing out the attachment must be willful, as well as wrongful, in order to constitute a ground of action or defence, which the court rightfully refused. The plaintiff further requested the court to instruct, that if the plaintiff believed that the defendant was about to dispose of his property, &c., he had a right to sue out the attachment. The refusal of both these instructions was correct, upon the ground that the former suit could not have been inquired into, having been previ-

ously disposed of. As to the doctrine of these instructions, see the case of *Mahnke* v. *Damon & Co.*, 3 Iowa, 107.

The judgment of the District Court is reversed.