## BURTON v. KNAPP et al.

1. EVIDENCE: ATTACHMENT. Words spoken or declarations made by the plaintiff in an attachment suit, after the commencement of the suit, without evidence showing that such declaration related directly to the act of suing out the writ, are inadmissible as evidence for the plaintiff in an action on the attachment bond.

2. SAME: INSOLVENCY. When the record showed that in an action on an attachment bond the plaintiff introduced evidence for the purpose of showing his solvency, and the defendant was permitted to introduce proof of his insolvency at the time the writ was issued, after which all the evidence touching that subject was ruled out by the court; it was held that the plaintiff could not complain of the action of the court.

3. ACTION ON ATTACHMENT BOND. In an action on an attachment bond for wrongfully suing out the writ, it should be alleged and proved that the attachment plaintiff had no reasonable grounds for *believing* that the allegations in his affidavit for the writ were true. It is not sufficient to allege and show, as a matter of fact, that they were not true; following *Winchester et al.* v. *Cox et al.*, 4 G. Greene, 121; *Mahnke* v. *Damon & Co. et al.*, 3 Iowa, 107; *Raver* v. *Webster et al.*, Id., 503.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 4.

THIS action is upon two attachment bonds given in two separate attachment suits in which Knapp was the plaintiff and Burton the defendant. Judgment for defendant and plaintiff appeals.

*McNulty & Jennings* and *O'Niel & Harvey* for the appellant.

*Wilson, Utley & Doud* for the appellees.

BALDWIN, C. J. — The first question presented by the counsel of appellant is, that the court erred in excluding certain derogatory and slanderous words spoken by the defendant, Knapp, of the plaintiff, Burton, after the issuing of the attachments, which were offered by plaintiff as a circumstance tending to show the intention of Knapp in suing

out said attachments. The words which plaintiff proposed to prove the defendant had used were, that the said Burton was a rascal, scoundrel and thief; that he was a forger, and that he (Knapp) could prove it. The court permitted the plaintiff to introduce in evidence the declaration of the defendant, made prior to the issuing of the writs of attachment, but excluded the above, because they were uttered long after the writs were issued.

Words spoken or declarations made by the defendant long after the attachments were issued, without any evidence tending to show that such declarations related directly to the act of suing out the said attachments were certainly inadmissible. There is nothing in the evidence that tends to connect these declarations with the acts of the defendant in obtaining the writs, and without such evidence we cannot see how such language tends to prove malice in procuring the writs. These expressions may have been superinduced by the conduct of the party after the attachments were issued, and may have referred to other and different transactions.

The second assignment of error presents virtually the same question and needs no further consideration. By the third it is claimed, that the court erred in permitting the defendant to introduce evidence proving the insolvency of the plaintiff. In a note to this exception, signed by the judge, it is stated that " the court, after the most of the testimony as to the solvency of the said plaintiff was before the jury, ruled it out." It appears, also, from an amended bill of exceptions, that the question of plaintiff's solvency was first introduced by the plaintiff himself testifying as to the amount and value of his property when the attachments issued, and the amount of his liabilities. The defendant offered to show, after this, by evidence, documentary and otherwise, that the plaintiff was insolvent when the attachment issued. To this the plaintiff objected, and this objec-

tion was sustained. Taking the whole of these exceptions together, we think this cause of complaint is unfounded.

The fourth assignment relates to the first instruction given by the court to the jury. The part objected to reads as follows : "In this action the burden is on the plaintiff to prove a wrongful suing out of the writ, although this involves the proof of a negative. This he may do by showing that Knapp had no sufficient cause for believing that plaintiff had disposed of his property, in part, or was about to dispose of it, to defraud his creditors, and without leaving sufficient for the payment of his debts, or for stating that plaintiff had refused to pay or secure said Knapp."

It is claimed by the counsel of appellant that this instruction holds the principle that if Knapp had sufficient grounds to believe that Burton had disposed of his property, or was about to dispose of it, to defraud his creditors, then the attachments were not wrongfully sued out. This is the understanding we have of the rule of law thus given by the court. The question, under our statute, is not whether the facts were actually true, upon which the attaching plaintiff bases his affidavit for a writ, but had he, exercising that degree of caution that a reasonable, prudent man should, good cause to believe that which he had stated as true. This we regard as settled by this court in the case of *Winchester et al.* v. *Cox et al.*, 4 G. Greene, 121. And this decision is recognized as correct in *Mahnke* v. *Damen & Co.*, 3 Iowa, 107 ; and also (indirectly at least) in *Raver* v. *Webster et al.*, Id., 502.

It is claimed that this court has decided, in the case of *Drummond* v. *Stewart*, 8 Iowa, 341, that the cause sworn to for an attachment must exist in fact. We do not understand this decision in this way. On the contrary, from the language in the sixth and last subdivision of the opinion, the writer, Justice WOODWARD, again recognizes the correctness of the ruling in the case of *Mahnke*

v. *Damon et al., supra.* The other instructions given and refused become unimportant to consider, holding, as we do, upon this question.

Affirmed.