Stoddard v. Thompson.

Reversed.

STODDARD v. THOMPSON *et al.*

Former adjudication: EFFECT UPON PRIVIES: ESTOPPEL. One who, though not a party, defends or prosecutes an action by employing counsel, paying costs, and doing those things which are usually done by a party, will be bound by the judgment rendered therein.

*Appeal from Black Hawk District Court.*

SATURDAY, JANUARY 28.

ACTION IN CHANCERY. Decree for plaintiff; defendant Thompson appeals.

*C. H. Conklin, Boise, Allen & Couch* for the appellant.

*S. P. Vannatta, I. M. Preston & Son* for the appellee.

Stoddard v. Thompson.

Beck, J. — The petition alleges that defendant Thompson proposed to plaintiff that, in consideration of $3,000 in notes and demands to be transferred by plaintiff to him, he would provide for and maintain plaintiff and his wife during their lives and would maintain and educate a grand-daughter of the plaintiff, then a member of his family, until she arrived at the age of eighteen. This proposition was accepted by plaintiff, and a contract was signed by defendant to that effect, but was not executed by plaintiff and, in fact, was not completed and delivered, and was not intended to be until plaintiff and defendant could arrange their business affairs in a manner to enable them so to do. Thompson never performed nor offered to perform his agreement or to complete the contract, but that certain notes, held by plaintiff against others, coming into his possession, he claims them as his own under said contract. Upon one of these notes made by Wilson he brought suit and recovered judgment which he is about to collect, and the other note, unless restrained, he will proceed to collect. It is alleged that Thompson is insolvent. A temporary injunction, restraining him from the collection of the judgment and note, was allowed, which, upon the final hearing, was made perpetual, and by the decree the contract, which is alleged by Thompson to have been completed, and under which he claims the right to collect and appropriate the proceeds of the note and judgment, is canceled and annulled and plaintiff authorized to collect them. The makers of the note and the judgment debtor are made defendants in this action.

There is a very considerable mass of testimony upon the issues of fact in this case. We will not be expected to give a statement of its substance, or enter into a discussion as to its effect. We are of the opinion that the alleged contract between the parties under which Thompson claims the note in question was never completed. The evidence as to the facts connected with the instrument is conflicting, but the weight of testimony supports the conclusion just stated.

The evidence as to the transaction, as given by plaintiff, is corroborated by at least two witnesses. He states that when the contract was signed by Thompson it was not considered as completed, nor was it delivered, but was to be retained in his possession, by the consent of Thompson, until the business of each could be so arranged that they would be able to perform the conditions of the instrument. No delivery of notes or property was made by plaintiff at the time. Two witnesses who were present when the instrument was written and signed by Thompson corroborate the statements of plaintiff. Other facts developed by the evidence tend the same way. Thompson's evidence upon this point is directly in conflict with plaintiff's, but it is not so well supported. It will be observed that Thompson claims that the contract was fully completed and delivered and rests his rights in this case thereupon. He does not ask that the proposition made by him and accepted by plaintiff, — the agreement between them to enter into the contract, — shall be enforced against plaintiff.

It is shown by the evidence of Thompson, whose statements upon this branch of the case are not contradicted, that the plaintiff employed counsel to defend the action brought upon the Wilson note whereon judgment was rendered; that he agreed with the maker of the note to pay the costs of defending the suit, and was a witness upon the trial. It appears from the record that the defense set up in that action was that plaintiff and not Thompson was the owner of the note. The issue thus made was determined in favor of Thompson, and plaintiff, though not a party to the suit, is bound by the adjudication. One who, though not a party, defends or prosecutes an action by employing counsel, paying costs, and by doing those things which are usually done by a party, is bound by the judgment rendered therein. *Davis* v. *Milburn*, 4 Iowa, 246; *McNamee* v. *Moreland*, 26 id. 97.

Under this rule plaintiff is bound by the judgment in the

suit on the Wilson note, and cannot now set up a claim to the note or judgment rendered upon it. His rights were settled in that action, and chancery will not open the questions determined therein. It is not claimed that the judgment was procured by fraud, nor in any other fact in connection with the rendition of the judgment established which is a ground for the interference of a court of chancery.

The decree of the district court will be affirmed as to all matters involved in the suit except as to the judgment upon the Wilson note. The right of Thompson to collect that judgment will not be interfered with. A decree will be entered in this court accordingly, or, at the option of plaintiff, the cause will be remanded to the district court for a like decree there. Plaintiff will pay the costs of this appeal.

Modified and

Affirmed.