## NORDHAUS v. PETERSON BROTHERS.

1. **Attachment**: RECOVERY ON BOND: INSTRUCTION. In an action to recover for the wrongful suing out of a writ of attachment on the ground that the debtor was disposing of his property with intent to defraud his creditors, it is error to instruct the jury that the plaintiff is entitled to recover if he had not in fact so' disposed of his property, but such error is without prejudice in a case where the jury find specially that there was no reasonable cause for believing the alleged grounds for the attachment to exist.

2. ——: ——: ——. Where in an action on an attachment bond the fact that the plaintiff was indebted to the defendants at the time of the suing out of the attachment clearly appears, it is not error to instruct the jury that such fact is immaterial to the issues in the case.

3. ——: ——: EXEMPLARY DAMAGES. A finding by the jury that the attachment was sued out without reasonable grounds for believing the allegations upon which it was based is necessary to support a verdict for the actual damages sustained, and the same facts will not raise a presumption of malice and justify the allowance of exemplary damages, but to authorize their recovery it must appear in addition that there was an intent to injure the debtor.

*Appeal from Cedar District Court.*

TUESDAY, JUNE 15.

THIS is an action to recover damages for the alleged wrongfully and maliciously suing out an attachment against the plaintiff. The defendants procured an attachment against the plaintiff upon the ground that he had disposed of his property in whole or in part with intent to defraud his creditors. The attachment was levied upon the entire stock of goods of the plaintiff, and his place of business was closed. After the levy the plaintiff sold his entire stock to the defendants, and the price was credited upon the debt which the plaintiff owed the defendants. The cause was tried to a jury, and a general verdict was returned for the plaintiff for $618.59. At the request of the defendants, special interrogatories were submitted to the jury, which, with the answers thereto, are as follows:

"1. Do you find that the attachment was sued out maliciously, or with the intention, design or purpose of injuring Nordhaus? Ans. Yes.

"2. Do you find that the plaintiffs in the attachment suit submitted their case to an attorney, and that on the case submitted they were advised that they had a good cause of action and a right to sue out the attachment? Ans. No.

"3. Do you find that plaintiffs in such attachment suit had reasonable cause to believe the ground upon which such attachment was sued out was true? Ans. No."

The motion for a new trial was overruled, and judgment was entered for the plaintiff upon the verdict. The defendants appeal.

*C. A. Ficke* and *Piatt & Carr*, for the appellants.

*Wolf & Landt*, for the appellee.

DAY, J.—I. In the third, fourth and fifth instructions the court, in substance, directed the jury that the plaintiff might recover if he had not disposed of his property in whole or in part with intent to defraud his creditors. These instructions are erroneous. In order to justify a recovery upon the attachment bond, it must appear not only that the ground alleged for the suing out of the attachment does not exist, but that the defendant had no reasonable cause to believe it existed. Code, § 2961; *Burton v. Knapp*, 14 Iowa, 196. Whilst these instructions are erroneous, the error was without prejudice to the defendants. The jury have found specially that the plaintiffs in the attachment suit had no reasonable cause to believe the ground upon which the attachment was sued out was true. It follows that if this element had been incorporated in these instructions it could have made no difference in the general verdict.

II. In the fourth instruction the court directed the jury

1. ATTACH-
MENT:
wrongful
suing out:
recovery on
bond.

that "it makes no difference whether plaintiff owed Peterson Brothers anything at the time said writ was issued or not." It is claimed that this direction is erroneous. Abstractly considered it may be so, for if the plaintiff did not owe Peterson Brothers, that alone would probably be conclusive of the fact that the attachment was wrongfully sued out. *Gaddis v. Lord & Jewett*, 10 Iowa, 141. In this case the fact that the plaintiff owed Peterson Bros. is fully established. The only question, then, upon which the wrongful suing out of the attachment in this case depends is, did the plaintiffs have reasonable ground to believe that the defendant in that action had disposed of his property in whole or in part with intent to defraud his creditors. The fact that the plaintiff owed the Petersons does not affect this question. As applied to the facts of this case the instruction is correct.

III. The defendants assign as error the giving of the following instruction:

"The plaintiff in this action further claims that said attachment was not only wrongfully sued out, but that it was willfully, wrongly and maliciously sued out. On this subject you are instructed that the burden of proof is also upon the plaintiff. *But if he satisfies you from the evidence that he had not disposed of his property, in whole or in part, with the intent to defraud his creditors, and that the defendants, Peterson Bros., had no reasonable grounds for believing that this plaintiff had, prior to said attachment, disposed of his property, in whole or in part, with the intent to defraud his creditors, and that, notwithstanding such want of reasonable grounds of belief, they commenced their action, and sued out an attachment, then, in law, such is not only wrongfully, but, in law, maliciously issued, and plaintiff will be entitled to recover in such case, not only actual, but, in addition thereto, exemplary damages. The malice necessary to authorize exemplary damages is any improper motive.* It need not imply

malignity or hatred to the individual, or a desire to injure or harass him. That which is done contrary to one's own conviction of duty, or with a willful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or to do a wrong and unlawful act, knowing it to be such, constitutes legal malice. *Hence, if you find that Peterson Bros., in their action against this plaintiff, as grounds for an attachment, made allegations which they knew to be false, then they are chargeable with malice.*"

The part of this instruction which we have indicated in italics is clearly erroneous. All the facts stated in this part of the instruction are necessary to establish the fact of the wrongful suing out of the attachment and justify the recovery of actual damages. Code, § 2961; *Burton v. Knapp, supra.* To make the act willfully wrong and entitle the plaintiff to exemplary damages, something more is necessary. It must appear that the creditor procured the attachment without any reasonable ground to believe the truth of the matters stated in the affidavit, and with the intention, design or set purpose of injuring the debtor. *Raver v. Webster,* 3 Iowa, 502. We think the last part of the instruction, that if Peterson Bros., in their action against plaintiff, made allegations as grounds for the attachment which they knew to be false they are chargeable with malice, is correct. But this does not cure the error in the first part of the instruction. The jury may have based their verdict upon the first, and not upon the-last part of the instruction. Nor is the instruction cured by the answer to the first special interrogatory. The jury find that the attachment was sued out maliciously, or with the intention, design or purpose of injuring Nordhaus. But the notion of the jury that the attachment was sued out maliciously may have been based upon this erroneous instruction as to what constitutes malice. For the error in this instruction the judgment is

REVERSED.