## LADD v. REDLE ET AL.

TORTS—DIVERTING COURSE OF STREAM TO INJURY OF ANOTHER LAND
OWNER—DAMAGES—EXEMPLARY DAMAGES—APPEAL AND ERROR—
EVIDENCE—INJUNCTION.

1. A proprietor may fill in and raise the level of his ground,
   or erect embankments or dikes upon it, to protect his
   premises from overflow, but if in doing so he cast the
   water upon the ground of another to his injury, he will
   be liable in damages therefor.
2. The action being one for damages against defendant for an
   alleged injury to plaintiff's land by the deflection of the
   course of a natural stream so as to throw it against the
   land of plaintiff through the acts of defendant in filling in
   and grading his property, *Held,* that the refusal of the
   trial court to allow damages was not error in view of the
   evidence, which largely tended to show that the acts of
   defendant did not cause the injury to plaintiff's land.
3. Conceding that defendant removed a sandbar in the stream
   with knowledge that it was on plaintiff's ground, and
   after notice not to do so, yet the evidence showing that it
   was done to widen the stream, and that it benefited plaintiff
   as well as defendant, and there being no proof that it
   caused actual damages or pecuniary injury to plaintiff, or
   that it was done wantonly or with any intent to injure
   plaintiff; *Held,* that defendant would not be liable for
   exemplary damages.
4. The evidence failing to show that the encroachment of the
   stream upon plaintiff's land and washing it away was due
   in any measure to the acts of defendant, it was not error
   to exclude evidence of the sum required to construct an
   embankment to protect plaintiff's property from the en-
   croachment of the stream.
5. Should the plaintiff appear by the evidence to be entitled to
   nominal damages only, a judgment for the defendant ought
   not to be reversed.
6. The acts of defendant not appearing to have caused the
   alleged injury to plaintiff's property, and the evidence fail-
   ing to justify any apprehension of irreparable injury in
   the future, an injunction was properly denied.

[Decided March 7, 1904.]                    (75 Pac., 691.)

ERROR to the District Court, Sheridan County, HON.
JOSEPH L. STOTTS, Judge.

Actions by Virga N. Ladd against William Redle and Rosa Redle. The material facts are stated in the opinion.

*E. E. Enterline,* for plaintiff in error.

It was the duty of plaintiff to use reasonable care to protect her land from further washing as a result of the acts of defendants, and she might construct embankments for that purpose. It was, therefore, error to exclude the testimony offered to show the necessary cost of such work. (Sweeney v. Ry. Co., 25 Mont., 543.) The findings and judgment should have been in favor of plaintiff. The overwhelming proof sustained the allegation that the main creek separated into two channels. The creek is a water course. (Gould on Waters, 41, 264; 2 Ballard Ann., 721; Angell on Water Courses, 4; Simmons v. Winters, 21 Or., 35; Spangle v. San F., 84 Cal., 12; Pyle v. Richards, 17 Neb., 180; Ry. Co. v. Dyche, 31 Kan., 120; Rigney v. Tacoma L. & W. Co., 9 Wash., 576.) The court takes judicial notice that the creek is unnavigable. (Clark v. Cambridge, 45 Neb., 798.) The title of the creek bed of the eastern channel is in the plaintiff. (Griffith v. Holman, 23 Wash., 347; Clark v. Cambridge, *supra.*) The great preponderance of the evidence shows that the acts of defendants diverted the waters and deflected the current. The defendants are liable for all damages caused thereby to plaintiff's land. (Ry. Co. v. Clark, 51 S. W., 962; Cushing v. Pires, 124 Cal., 663; Barnes v. Marshall, 68 id., 569; Weiss v. Or. I. & S. Co., 13 Or., 496; Pyle v. Richards, 17 Neb., 180; Van Orsdel v. Ry. Co., 56 Ia., 470; Ry. Co. v. Dyche, 31 Kan., 120; O'Connell v. Ry. Co. (Ga.), 13 L. R. A., 394.) The fact that the defendants persisted in their acts after notice not to do so entitled plaintiff to exemplary damages. (Cosgriff v. Miller, 10 Wyo., 190.)

Plaintiff was entitled to the equitable relief prayed for. Except as to the right of diversion for beneficial uses, the plaintiff had the right to insist that the waters of the stream shall flow undisturbed in their natural channels. (Gould

on Waters, Secs. 230, 204; Rigney v. Tacoma L. & W. Co., 9 Wash., 576.) There is a right of action, though no actual damage is shown. (Gould on Waters, Secs. 401, 403, 405.) Equity interferes to prevent unlawful diversion. (Id., Secs. 534, 552, 553, 555, 558; Johnson v. Supr. Court, 65 Cal., 567; Land Co. v. Gallegos, 89 Fed., 769; Ry. Co. v. Long, 46 Kan., 701; Froe v. Larson, 84 Ia., 649; Weiss v. Or. I. & S. Co., 13 Or., 491; Wallace v. Farmers' Ditch Co., 13 Cal., 578; Angell on W. C., 449, 456a.) There is no adequate remedy at law, as the injury is irreparable. (Gould on Waters, 508, 510, 512, 513, 519, 520; Dudley v. Hurst, 67 Md., 44; Wilton v. Dickerson, 38 Neb., 767; Kelly v. King, 114 Cal., 378.) Plaintiff was not guilty of laches. (2 Beach Mod. Eq. Jur., 726; Gould on Waters, 530; Clark v. Cambridge, 45 Neb., 798; Hovey v. Bradbury, 112 Cal., 620; Mendez v. Holt, 128 U. S., 523; Galway v. Ry. Co., 128 N. Y., 132; Lynch v. Ry. Co., 29 N. E., 315; Lonsdale v. Cook (R. I.), 44 Atl., 929; 50 N. Y. S., 1093; Rubber Co. v. Rothery, 107 N. Y., 310; Rigney v. Tac. L. & W. Co., 9 Wash., 576; Matherson v. Ward, 24 id., 407.)

*E. E. Lonabaugh,* for defendant in error.

No damage being proven, and no continuing injury, judgment was properly rendered for defendants. There was no error in excluding the evidence as to cost of embankment to protect plaintiff's land. That was no part of the measure of damages. (Walters v. Chambers (Mich.), 32 N. W., 440.) A riparian owner may build up his land to the thread of the stream, and no one can complain. (Parker v. City, 48 Pac., 631; Ry. Co. v. Carr, 38 O. St., 448.) Where the evidence is conflicting the appellate court will not interfere. (Kimball v. Payne, 9 Wyo., 441; Jackson v. Mull, 6 id., 55.) The power to issue a mandatory injunction is exercised only with extreme caution, and never where an action for damages furnishes a complete remedy. (High on Inj., Secs. 2, 358.)

CORN, CHIEF JUSTICE.

The plaintiff in the court below, plaintiff in error here, brought suit against the defendants for damages and also, in a separate action upon the same facts, sought an injunction against the defendants to restrain them from certain acts by which it is alleged the current of Big Goose Creek, a stream flowing through the town of Sheridan, is deflected from its natural course and thrown against plaintiff's lots, thereby causing such current to continuously encroach upon and cut away plaintiff's ground. The District Court consolidated the two actions and upon the trial gave judgment in favor of the defendants. The plaintiff in error urges two reasons why the judgment should be reversed, viz: that upon the evidence the judgment should have been for the plaintiff and that the court erred in excluding evidence that an expenditure of five hundred dollars would be required to protect the lots of plaintiff from the encroachment of the stream.

It appears from the evidence that on June 6th, 1899, the plaintiff became the owner of certain ground adjoining the lots of defendants on the east, the south line of the property of both parties being the same and fronting upon Burkett street. The stream known as Big Goose Creek enters the properties from the south and it would seem, though this is not very clear from the evidence, that the main branch is entirely upon plaintiff's ground. In times of high water, at a point some five hundred feet south of the two properties, a portion of the water of the stream overflows into another channel to the west. This channel passes over defendants' lots near their east line. Ordinarily there is little, if any, water in this west channel, but in June and July, when the water is high from the melting snows in the mountains, about a fourth to a third of the water of the creek flows into it and at times overflows a portion of defendants' ground. In June, 1899, defendants filled in the low parts of their lots and cut off, or graded down, the southeast corner, so that the water flowing through the

west branch would flow into the main stream at, or near, the corner of their lots. They also erected a wall or dike on their own ground some five feet from their southeast corner to divert the water into the main channel and further protect their lots from overflow. The plaintiff claims that the effect of turning the water of the west branch into the stream at this point is to deflect the current toward the east and push it over against the east bank on her ground, washing away the soil and causing the bank to fall in.

It is a well settled proposition of law that one may do as he will upon his own ground, provided it is not to the injury of others. And there can be no question that a proprietor may fill in and raise the level of his ground or erect embankments or dikes upon it to protect his premises from overflow, but he has no right to cast the water upon the ground of another to his injury. And if he does so, he is liable in damages. (28 Ency. L., 957; Pixley v. Clark, 35 N. Y., 520 (91 Am. Dec., 72); Radcliff v. Mayor, 4 N. Y., 195 (53 Am. Dec., 357); Hay v. Cohoes Co., 2 N. Y., 159 (51 Am. Dec., 279). Under the evidence, we think there can be no question that in ordinary high water, occurring annually at the time of the melting of the snows in the mountains, the west branch was the natural course of a portion of the water of the creek. And, while the evidence tends to show that, independently of any act of the defendants, the passage of vehicles along the street had partially cut away a sandbar and thus opened a passage for a portion of the water of the west branch into the east branch, or main stream, yet there is no question that the acts of the defendants also diverted a portion of the water into the main stream and on to the ground of the plaintiff.

The only question before this court in the first action, therefore, is whether the refusal of the District Court to give judgment in favor of the plaintiff for damages was reversible error in view of all the evidence. We think it was not reversible error.

The plaintiff acquired the property on June 6th, 1899, by conveyance from her mother, Mrs. Held, who had been

the owner and in possession for several years before. The acts of defendants, of which complaint is made, occurred in the same month. That the banks washed away and that plaintiff's property was damaged, there can be no doubt, but the evidence that it was due in any measure to the flowing in of the water of the west branch, or any act of defendants, is very slight, indeed; and we think there is a great preponderance of the evidence that it was not. Mrs. Held thinks that the current prior to June, 1899, was near the center of the bed of the creek and that the acts of defendants caused it to be deflected against the east bank. But the evidence shows that at this point there is a bend in the creek, that the property of plaintiff is on the outside of the curve and the current flowing in a northeasterly direction, its tendency is toward the point where plaintiff's ground is washed away and in high water is against the bank on that side. And a number of witnesses, who have been long familiar with the stream and have observed it at both low and high water, testify that the current of the main channel is so much stronger that that from the west branch is almost immediately absorbed in it and has no perceptible effect upon it whatever. Moreover, the evidence shows that at least as far back as 1894, and especially in 1896 and 1897, long prior to the acts of the defendants and prior to plaintiff's ownership, the banks were washing away and the then owners of the property were making attempts to prevent it. There is also evidence tending to show that the cutting away of the bank at the southwest corner of plaintiff's land was caused by a ditch running down on the north side of Burkett street. This ditch, it seems, was under the control of the city and emptied on the opposite side of the creek from the property of the defendants, and defendants had no control of it whatever. Other witnesses testify that, prior to any of the acts of defendants which are complained of, Henry Held had endeavored to protect the east bank by putting in willows and dirt and logs and by riprapping, but these embankments were washed out by

the next high water. There is also evidence that since the plaintiff acquired the property and came into possession there has been no washing away of the bank and no damage to her ground, but that the current has been turned away somewhat toward the west and that the bank has filled up toward the stream.

The plaintiff claims, however, that defendants, in the face of notice not to do so, graded away a sandbar in the stream which was on plaintiff's ground, and that this was such a trespass as entitled her to exemplary damages. The defendant, William Redle, testifies that the work was done under his general direction and that he gave no instructions to go upon plaintiff's premises for such a purpose and had no knowledge that any grading was done upon her ground. But if it be conceded that a preponderance of the evidence tends to the conclusion that defendants removed the sandbar, knowing that it was on plaintiff's ground and after notice, yet there is evidence, and it does not seem to be seriously controverted, that it was done for the purpose, and had the effect, of widening the stream and, therefore, operated for the benefit of the plaintiff as well as the defendants. There is no suggestion that the removal caused actual damages or pecuniary injury to the plaintiff, and there is no attempt to prove actual damages by reason of it. We think, therefore, in the absence of evidence that it was done with the intent to injure plaintiff or wantonly and in disregard of whether it might work injury to her or not, no case is made for exemplary damages. (12 A. & E. Ency. (2d Ed.), 21; Spellman v. R. R. Co., 35 S. C., 475 (28 Am. St. R., 858) ; Nordhaus v. Peterson, 54 Ia., 68.)

With reference to the second assignment that the court erred in excluding evidence that it would require an expenditure of five hundred dollars to construct an embankment to protect plaintiff's property from the encroachments of the stream, it is sufficient to say that if the evidence fails to show that such encroachment was .due in any measure to the acts of the defendants, then evidence of the expendi-

ture necessary to protect the premises is not material, even if it be deemed the proper measure of damages in case any had been shown.

The statute only requires a new trial to be granted for "causes affecting materially the substantial rights" of a party. We ought not, therefore, to reverse the decision of the District Court, even if we should be of the opinion that the plaintiff was entitled under the evidence to nominal damages.

The decree of the court below denying an injunction must also be affirmed substantially upon the grounds already stated. While it is true that, in the absence of proof of substantial damages already sustained by plaintiff, she might yet be entitled to an injunction upon proof of irreparable injury threatened by the defendants, yet we think not only is the judgment of the court sustained by sufficient evidence that such injury as plaintiff has sustained was not caused by the acts of the defendants, but that the evidence upon the trial failed to show that at that time the condition of the stream and of the plaintiff's premises was such as to justify any apprehension of irreparable injury in the future from any source.

The judgment will be affirmed.                    *Affirmed.*

KNIGHT, J., and POTTER, J., concur.