## CAHOON v. HOGGAN.

No. 1726.   Decided August 16, 1906   (86 Pac. 963).

ATTACHMENT — WRONGFUL ATTACHMENT — GROUNDS — WRONGFUL SUING OUT.— Whatever motive or malice prompts the bringing of an attachment suit, and though it terminates in favor of defendant, no action will lie for a wrongful attachment, unless the attachment was wrongfully sued out without probable cause. (*Hamer v. Nat. Bank,* 9 Utah 215. 33 Pac. 941.)

APPEAL from District Court, San Pete County; Jacob Johnson, Judge.

Action by James C. Cahoon against James W. Hoggan. From a judgment in favor of defendant, plaintiff appeals.

REVERSED.

*Lewis Larsen* for appellant.

*Jacob Johnson* for respondent.

APPELLANT'S POINTS.

In an action for damages for breach of contract, only the parties to the contract should be joined as defendants. (Estee's Pl. [4 Ed.], sec. 161.)

In an action on a bond or written undertaking there can be no constructive parties jointly liable with the proper obligors. (Estee's Pl. [4th Ed.], sec. 1522; *Lindsay v. Flint,* 4 Cal. 89.)

The mere fact that attachment plaintiff is liable to the sureties for any damage which the sureties have suffered because the attachment was wrongful does not authorize a party bringing an action on the bond to join him with the sureties. (*Storz v. Finklestein,* 48 Nebr. 27; *Ault v. Everett,* 16 Ky. L. Rep. 93; *Smith v. Eakin,* 2 Sneed [Tenn.] 456.)

In the case at bar the complaint does not allege that the attachment was "wrongfully" sued out or that the attachment was "wrongful" nor does it allege malice or want of probable cause which latter allegations it appears would be necessary in an action of this kind, sounding in tort, in this state. (*Hammer v. Bank,* 9 Utah 215; *Gurley v. Tompkins* [Colo.], 30 Pac. 344; *Williams v. Hunter,* 14 Am. Dec. 597; *Burton v. Knopp,* 81 Am. Dec. 465.)

In addition the evidence shows that there was an intervening cause, a second attachment suit between the same parties, which delayed plaintiff.

Evidence of attorney's fees incurred by plaintiff in securing the "release" of an attachment was improperly admitted. (*Elder v. Kutner* [Cal.], 32 Pac. 563; 4 Cyc. 885, and cases cited.)

So attorney's fees are not allowable where the attachment is not controverted, but fails because the principal suit fails. (4 Cyc. 886.)

In an action for wrongful attachment, the principal in the attachment bond is a proper party, though the bond was signed only by the sureties. (*Hoskins v. White*, 32 Pac. 163; *Pitkins v. Boyd*, 55 Iowa 259; *McIntosh v. Hurst*, 12 Pac. 647; *Pierse v. Miles*, 5 Mont. 549; 3 Encyclopaedia of Pleading and Practice, pp. 34, 644.)

The defendant recovered judgment in said action, and that was a breach of its condition, and rendered the plaintiff liable for the costs and damages specified in said bond. (1 Wade on Attachment, 295; 2 Sutherland on Damages 58; *Burton v. Knapp*, 81 Am. Dec. 467; *State v. Beldsmeier*, 56 Mo. 226. *Drake v. Swarth*, 33 Pac. 563.)

The party whose property is attached may find the proceedings wrongful and vexatious, and the suing it out may be ruinous to his credit and circumstances, though obtained without the least malice toward him. If the plaintiff, under color of the process, does, or procure to be done what the law has not authorized, and the defendant is thereby injured it seems clear that he is in such case, as much as in any other, entitled to redress from the party whose illegal or wrongful act has occasioned the injury, although it may have been done without malice. (2 Sutherland on Damages, 59; *Kilmer v. Gallaher*, 95 N. W. 180; *Tyng v. Surety Co.*, 62 N. Y. S. 843; *McClure v. Renaker*, 51 S. W. 317; *Hunter v. Penland*, 32 S. W. 421; *Bank v. Mayer*, 24 S. E. 453-455; *State v. Gage*, 52 Mo. App. 464; *Buckly v. Van Diver*, 12 S. O. 905.)

Providing that before granting a warrant of attachment, an undertaking must be given, securing the defendant his costs and damages if he recovers judgment, the sureties on an attachment bond were liable to the defendant upon his recovering a judgment, regardless of whether or not a levy had actually been made. (*Krall v. Howard*, 76 N. Y. S. 972.) To create liability no actual seizure of the property is necessary. (*Rice v. Miller*, 8 Am. St. Rep. 630.)

BARTCH, C. J.

This action was brought to recover damages for the attaching, by the defendant, of the plaintiff's goods and chattels in an action between the same parties, wherein the plaintiff herein was defendant, and the defendant herein was plaintiff. It is alleged in the complaint that on November 6, 1901, the defendant commenced an action against the plaintiff to collect the sum of $370 which was alleged to be due on a promissory note, and caused a writ of attachment to be issued and levied against the property of the plaintiff at the time fixed for his departure from the state; that at the trial of that cause the plaintiff prevailed, and recovered judgment against the defendant for the sum of $19.10 costs; and that, because of the suit and attachment proceedings, the plaintiff was delayed, at great cost to him, with his goods and chattels, in his departure or emigration from the state, and by reason of such delay was damaged in the sum of $500. To this complaint the defendant interposed a demurrer, upon the ground that no cause of action was stated. The demurrer was overruled, and at the close of the trial judgment rendered, in favor of the plaintiff, in the sum of $64.68. The action of the court in overruling the demurrer presents the decisive question for our determination.

The appellant insists that, as this is a prosecution for the wrongful institution of a suit and issuance and levy of an attachment, the complaint, which contains no allegation whatever against the bona fides of the suit, or that the issuance and levy of the writ of attachment was wrongful or without probable cause, states no cause of action, and that the demurrer ought to have been sustained. We are of the opinion that this contention is sound. In every case of this character, it is incumbent upon the plaintiff to allege and prove, not only that the action of which he complains failed upon trial, but also that the attachment proceedings were wrongfully instituted and the writ wrongfully issued and levied. The wrong committed by the issuance and levy of the writ without cause, or probable cause, and damage resulting therefrom, constitute the gist of such a suit, and hence, when, as here, the com-

plaint contains no allegation of wrongfulness, it states no cause of action, and the complainant cannot prevail. This is so, whatever the motive or malice that may have prompted the vexatious suit.

"Inasmuch as there can be no recovery for an attachment which is not wrongful, although the motive of the person suing it out may have been malicious, it must follow that, whatever may be the form of proceedings adopted in seeking to recover damages for an attachment, the pleadings of the attachment defendant must show that the attachment was wrongfully sued out. The sufficiency of the allegations on this score depends somewhat on the character of the proceedings in which it is sought to recover damages." (4 Cyc. 853, 834, 841, 845, 874; *Hamer v. Nat. Bank*, 9 Utah 215, 33 Pac. 941; *Williams v. Hunter*, 14 Am. Dec. 597; *Gurley v. Tomkins* [Colo.], 30 Pac. 344; *Burton v. Knapp*, 14 Iowa 196, 81 Am. Dec. 465.)

We do not deem it important to discuss any of the other questions presented.

The judgment must be reversed, with costs, and set aside, and the case remanded with instructions to the court below to sustain the demurrer and proceed accordingly. It is so ordered.

McCARTY, J., concurs.

STRAUP, J. (concurring).

I concur in the judgment of reversal, but not on the grounds nor for the reasons stated by the Chief Justice. It is alleged in the complaint that Hoggan, as plaintiff, commenced an action against Cahoon, as defendant, to recover money on contract; that an affidavit and bond were filed and a writ of attachment issued and levied on Cahoon's chattels when he had them loaded on cars and was about to emigrate from San Pete county to Canada; that by reason thereof he was forced to give a mortgage on the chattels for an undertaking to release the attachment, was required to employ counsel, was delayed on his trip, incurred extra expenses, and was compelled to return from Canada, all to his damage in the sum of $500; that such proceedings were had in the said suit that this plaintiff, on the 23d day of July, 1902, recovered judg-

ment therein, which was rendered by said court against the said James W. Hoggan, plaintiff therein, for the sum of $19.10, this plaintiff's costs of defending said action"; and a demand for judgment for $500 damages. To this complaint a demurrer was interposed for want of facts.

I think the complaint states sufficient facts for a recovery of the $19.10 costs, and that, therefore, the trial court properly overruled the general demurrer. I agree with the Chief Justice that the complaint lacks essential averments for a recovery of any damages claimed to have resulted from the issuance and levy of the attachment, but not for the reasons stated by him. From his opinion, it seems, the principle of law is announced that to recover for a wrongful levy of an attachment it is requisite to allege a want of probable cause, or bad faith in the institution of the suit or proceedings; that a plaintiff must not only allege that the action failed, but also that the attachment proceedings were wrongfully instituted and the writ wrongfully issued. This is not an action for a malicious or vexatious prosecution of a suit. It is one wherein plaintiff seeks to recover for a wrongful issuance and levy of an attachment. An attachment is wrongfully issued and levied when the grounds upon which it was issued did not exist. So, too, an attachment is wrongfully issued and levied when the alleged debt or contractual obligation did not exist or where an excessive amount of property was levied on. When a plaintiff alleges the ultimate fact, showing a nonexistence of the ground or grounds upon which the attachment was issued, or nonexistence of the alleged debt or contractual obligation, sufficient facts with respect thereto are alleged, without also alleging a want of probable cause or bad faith in the institution of the proceedings. In such case the allegations of bad faith and want of probable cause are material only as bearing on the question of exemplary or punitive damages. In other words, a plaintiff must allege the ultimate fact of a wrongful levy, but he need not allege a want of probable cause or bad faith to entitle him to recover actual damages. The allegation in the complaint that the plaintiff in the attachment suit recovered a judgment against the defendant for $19.10 costs is

not equivalent to such an allegation. It is not equivalent to an allegation that he prevailed on the merits in such action, or that when the attachment was issued and levied the alleged debt or contractual obligation, or the ground or grounds upon which the attachment issued, did not exist, or that any such matter was therein adjudicated in plaintiff's favor.

Because of the want of proper and sufficient allegations, I am of the opinion that the trial court erred in admitting in evidence, over defendant's objection (which ruling is also assigned as error), as to all matters pertaining to damages claimed to have resulted from a wrongful levy of the attachment. Therefore I concur in the judgment of reversal.